March 2, 2016
**OFFICE OF APPELLATE COURTS**


STATE OF MINNESOTA

IN SUPREME COURT

A15-1930

In re Petition for Disciplinary Action against
Paul Joseph Bosman, a Minnesota Attorney,
Registration No. 0388865.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Paul Joseph Bosman committed professional misconduct warranting public discipline—namely, failure to competently and diligently handle clients' bankruptcy matters, non-communication with clients, failure to timely return an unearned fee, failure to obtain court permission to withdraw in a bankruptcy matter and failure to respond to the court's orders to show cause in response thereto, making a false statement to a client and the Director in order to conceal his neglect of a client matter, and noncooperation with the Director's investigation. *See* Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 1.5(a), 1.15(c)(4), 1.16(c), 1.16(d), 3.4(c), 8.1(a), 8.1(b), 8.4(c), and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR). As mitigation of his passive misconduct, respondent produced evidence that he suffered from alcoholism and chemical dependency at the time of the misconduct and that he successfully completed outpatient treatment and has remained sober. Respondent also made restitution of the unearned retainer after he was charged in the disciplinary proceedings.

1

Respondent waives his procedural rights under Rule 14, RLPR, withdraws his previously filed answer, unconditionally admits the allegations in the petition, and with the Director recommends that the appropriate discipline is a 60-day suspension and 2 years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Paul Joseph Bosman is suspended from the practice of law for a minimum of 60 days, effective 14 days from the date of the filing of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs and $518.48 in disbursements pursuant to Rule 24, RLPR.

3. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

4. Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely

file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

5. Following reinstatement, respondent shall be placed on probation for a period of 2 years subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall not work as a solo practitioner during the period of this probation;

(d) Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription;

(e) Respondent shall attend weekly meetings of Alcoholics Anonymous or other abstinence-based recovery support group or program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address, and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor, if any; and

(f) Respondent is not currently practicing law. Should respondent decide to resume the practice of law, he will notify the Director of that fact not less than 4 weeks before doing so, at which time the following additional conditions will become effective for the balance of respondent's probation:

   i. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Respondent shall not resume handling client matters until such

3

supervisor has been appointed. Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks of respondent notifying the Director of his intent to resume the practice of law. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of active client files as described in paragraph ii below. Respondent shall make active client files available to the Director upon request; and

ii.    Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

Dated: March 2, 2016                    BY THE COURT:

David R. Stras
Associate Justice

4